IN RE KORTH ET AL. *v.* STATE OF INDIANA.

[No. 15,359.   Filed January 22, 1933.   Rehearing denied May 11, 1935.]

*Fred Bonifield,* and *Claycombe & Stump,* for appellants.

SMITH, C. J.—Sarah Lowery and the Board of Control of the State of Minnesota appear specially, and file motion to dismiss this appeal upon the ground that no assignment of error has been made in this court against the parties to the judgment.

On the 18th day of August, 1934, judgment was rendered in the juvenile court of Marion county, in which it was ordered by the court that one Juliet Korth, a minor child, be transferred to the Board of Control of the State of Minnesota for delivery to the juvenile court, Hennepin county, Minnesota; and that said child was ordered released to Sarah Lowery, representative of the Board of Control of the State of Minnesota, for the purpose of being delivered to the State of Minnesota.

On the 10th day of August, 1934, one Charles J. Russell made and filed an affidavit in the juvenile court of Marion county alleging that said child was born January 23, 1932, and that said child is a dependent and neglected child within the meaning of the statute, and is not receiving proper care; that an emergency exists for immediate detention pending investigation. Upon this affidavit a writ was issued directed to the probation officer of said court commanding said officer to notify one Mabel McCane that said petition had been filed, and for her to appear on the 29th day of August, 1934, to show cause why said child should not be made a public ward, and to do and "receive" what shall be ordered at the hearing.

The writ was served on August 14, 1934.

Afterward, upon a hearing, the court found that an emergency existed for the immediate care and deten-

tion of the child, and said child was committed to the Indianapolis Orphans' Home, pending trial and until further order of court.

On the 17th day of August, 1934, the court ordered that said child be placed in custody of the chief probation officer of Marion county, and held until further order of the court.

On the 18th day of August, 1934, one Sarah Lowery, representing the Board of Control of the State of Minnesota, filed a petition on behalf of said Board of Control for the custody of said child. Upon this petition a hearing was had; and on the 18th day of August, 1934, cause was heard in the juvenile court, and the court found that said "child is subject to the Juvenile Court" of Hennepin county, Minnesota, and of the Board of Control of said state, and that "said child should be transferred to said state its lawful custodian."

The court then entered judgment "that Juliet Korth be and she is ordered transferred to the Board of Control of the State of Minnesota for delivery to the Juvenile Court of Hennepin County, Minnesota, for such disposition as said authorities shall order and direct, and said child is now ordered released to Sarah Lowery, their representative, for delivery to said State of Minnesota for the purpose as herein ordered, to which ruling of the court the said Mabel McCane at the time objects and excepts."

From said judgment Mabel McCane prayed an appeal to the Appellate Court, filed her bond, and within the time fixed by the statute, to wit: 30 days from the judgment, filed her transcript of the record, together with her assignment of errors in this court.

The assignment of errors names the State of Indiana as appellee, and no one else.

The parties to the judgment were the appellant Mabel McCane, Sarah Lowery, and the Board of Control of

the State of Minnesota. The judgment was ██ rendered against said Mabel McCane, and for Sarah Lowery and the Board of Control, giving them the custody of said child.

This court, in the case of *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 414, 192 N. E. 760, said:

> "An assignment of errors is one of the requisites of any appeal. It is the appellant's complaint in this court, and this court has no jurisdiction over a party adverse to appellant in the judgment appealed from who is not named in the assignment of errors as an appellee. Where, as here, such an adverse party is not named in the assignment of errors as an appellee the case cannot be determined on its merits, because this court has no power to disturb the judgment where any person in whose favor it was rendered is not made a party to the appeal. *Voss* v. *Balz, supra; Gedney & Sons, Inc.* v. *Tinner, supra.*"

The proper adverse parties not being named as appellees, and not being before this court, as was said in the Haley case, *supra,* this court has no power to disturb the judgment where the party in whose favor judgment was rendered is not made a party to the appeal.

Motion to dismiss the appeal should be and is sustained.

Appeal dismissed.